

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 7:24-CR-_____ |
|---|---|---|
| | : | |
| v. | : | VIOLATIONS: |
| | : | 18 U.S.C. § 1349 |
| DE'ANDRE KENTERRIOUS | : | 18 U.S.C. § 1344(2) |
| LAMARION MCCLARIN, | : | 18 U.S.C. § 1704 |
| DANMON JERONE WILKERSON, | : | 18 U.S.C. § 1028A(a)(1) |
| ANGELA COOKLEY, | : | 18 U.S.C. § 982(a)(2)(A) |
| JAYLEN FILMORE, | : | |
| JERRY HAYES, JELAN HAYES, | : | |
| KEMBRICK MCCLENDON, | : | |
| KEMAREON BRYANT, | : | **SUPERSEDING INDICTMENT** |
| | : | |
| Defendants. | : | **FILED UNDER SEAL** |
| | : | |

**THE GRAND JURY CHARGES:**

## BACKGROUND

At all times relevant to this indictment:

1. TD Bank, Truist Bank, Synovus Bank, U.S. Bank, JP Morgan Chase Bank, Prime Meridian Bank, Bank of America, Capitol City Bank, Centennial Bank, Peoples South Bank, and Ameris Bank were financial institutions, whose deposits were federally insured by the Federal Deposit Insurance Corporation.

2. VyStar Credit Union, Navy Federal Credit Union, and TC Federal Credit Union were financial institutions, whose deposits were federally insured by the National Credit Union Administration.

3. FILMORE had a personal account with Synovus Bank and TD Bank.

4. BRYANT had a personal account with VyStar Credit Union.

5. JELAN HAYES had a personal account with JP Morgan Chase Bank.

6. JERRY HAYES had personal Bank of America account information belonging to C.H.

7. DANMON JERONE WILKERSON had a personal account with JP Morgan Chase Bank.

8. ANGELA COOKLEY had a personal account with Truist Bank.

9. KEMBRICK MCCLENDON had a personal account with Navy Federal Credit Union.

## COUNT ONE
### (Conspiracy to Commit Bank Fraud)

10. The Grand Jury re-alleges and incorporates by reference Paragraphs One through Eleven of this Indictment as if fully set forth herein.

11. Beginning from at least as early as January 2022, and continuing until in or about December 2023, the exact dates unknown to the Grand Jury, in the Valdosta Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court, the defendants,

**DE'ANDRE KENTERRIOUS LAMARION MCCLARIN,
DANMON JERONE WILKERSON,
ANGELA COOKLEY,
JAYLEN FILMORE,
JERRY HAYES,
JELAN HAYES,
KEMBRICK MCCLENDON,
KEMAREON BRYANT,**

and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other to knowingly and willfully execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of federally insured financial institutions, by means of false and fraudulent pretenses, representations, and promises. All in violation of Title 18, United States Code, Section 1344(2).

**Object of the Conspiracy**

12. The object of the conspiracy was for the defendants to cause checks unlawfully obtained and fraudulently produced by MCCLARIN to be deposited into bank customers' accounts, so that defendants could withdraw cash upon the accounts from the deposits for their personal benefit.

## Manner and Means

13. MCCLARIN unlawfully obtained checks and check information that he did not have lawful authority to possess and use.

14. The checks were from accounts at Truist Bank, Synovus Bank, Capitol City Bank, Centennial Bank, U.S. Bank, Prime Meridian Bank, Bank of America, Ameris Bank, Peoples South Bank, and other federally insured banks and credit unions known and unknown to the Grand Jury.

15. MCCLARIN would fraudulently edit those checks and use that check information to produce fraudulent checks.

16. WILKERSON, COOKLEY, FILMORE, JELAN HAYES, MCCLENDON, and BRYANT provided their debit cards, personal identifying information, and personal bank and credit union account information for the purpose of depositing the fraudulent checks into their accounts.

17. MCCLARIN would then write the fraudulent checks in various sums of money to WILKERSON, COOKLEY, FILMORE, JELAN HAYES, MCCLENDON, and BRYANT, and deposit those fraudulent checks into their accounts.

18. The money deposited was intended to be used for MCCLARIN's, WILKERSON's, COOKLEY's, FILMORE's, JELAN HAYES', MCCLENDON's, and BRYANT's personal benefit.

19. MCCLARIN, BRYANT, JELAN HAYES, and JERRY HAYES would also solicit and compile debit cards and account information from bank and credit union customers, both known

and unknown to the Grand Jury, and provide that to MCCLARIN for the purpose of depositing the fraudulent checks into the customers' accounts.

20. MCCLARIN would write the fraudulent checks in various sums of money to bank and credit union customers enlisted by MCCLARIN, BRYANT, JELAN HAYES, and JERRY HAYES and deposit the checks into the enlisted customers' accounts.

21. The money deposited was intended to be used for MCCLARIN's, BRYANT's, JELAN HAYES', JERRY HAYES', and the enlisted bank and credit union customers' personal benefit.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
### (Possession of Postal Service Key)

On or about October 21, 2022, in the Valdosta Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court, the defendant,

**DE'ANDRE KENTERRIOUS LAMARION MCCLARIN,**

did knowingly and unlawfully possess any key suited to any lock adopted by the Postal Service and in use on any lock box, lock drawer, and other authorized receptacle for the deposit and delivery of mail matter, and with the intent to unlawfully and improperly use such key and to cause such key to be unlawfully and improperly used, in violation of Title 18, United States Code, Sections 1704 and 2.

## COUNT THREE
### (Aggravated Identity Theft)

On or about October 6, 2022, in the Valdosta Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court, the defendant,

**DE'ANDRE KENTERRIOUS LAMARION MCCLARIN,**

did knowingly transfer, possess, and use, without lawful authority, means of identification of another person, to wit: the username, password, and personal identification number for Victim No. 1, whose identity is known to the Grand Jury. The defendant did so in relation to the commission of a felony enumerated in Title 18, United States Code, Section 1028A(c)(5), to wit: Title 18, United States Code, Section 1344(2). All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT FOUR
### (Aggravated Identity Theft)

On or about August 25, 2022, in the Valdosta Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court, the defendant,

### DE'ANDRE KENTERRIOUS LAMARION MCCLARIN,

did knowingly transfer, possess, and use, without lawful authority, means of identification of another person, to wit: the personal identification number for Victim No. 2, whose identity is known to the Grand Jury. The defendant did so in relation to the commission of a felony enumerated in Title 18, United States Code, Section 1028A(c)(5), to wit: Title 18, United States Code, Section 1344(2). All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT FIVE
### (Aggravated Identity Theft)

On or about April 15, 2022, in the Valdosta Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court, the defendant,

### DE'ANDRE KENTERRIOUS LAMARION MCCLARIN,

did knowingly transfer, possess, and use, without lawful authority, means of identification of another person, to wit: the username, password, and personal identification number for Victim No. 3, whose identity is known to the Grand Jury. The defendant did so in relation to the commission

of a felony enumerated in Title 18, United States Code, Section 1028A(c)(5), to wit: Title 18, United States Code, Section 1344(2). All in violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE NOTICE
(18 U.S.C. § 982(a)(2) – Criminal Forfeiture)

1. The allegation contained in Count One of this Indictment is hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 18, United States Code, Section 982(a)(2)(A).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1349, in connection with Title 18, United States Code, Section 1344(2), set forth in Count One of this Indictment, the defendants,

**DE'ANDRE KENTERRIOUS LAMARION MCCLARIN,**
**DANMON JERONE WILKERSON,**
**ANGELA COOKLEY,**
**JAYLEN FILMORE,**
**JERRY HAYES,**
**JELAN HAYES,**
**KEMBRICK MCCLENDON,**
**KEMAREON BRYANT,**

shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such violation(s), including, but not limited to a money judgment in an amount to be determined.

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a)    cannot be located upon exercise of due diligence;

    (b)    has been transferred, sold to or deposited with, a third person;

(b)     has been transferred, sold to or deposited with, a third person;

    (c)     has been placed beyond the jurisdiction of the court;

    (d)     has been substantially diminished in value; or

    (e)     has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL.

*s/ Foreperson of the Grand Jury*
FOREPERSON OF THE GRAND JURY

Presented by:

PETER LEARY
UNITED STATES ATTORNEY

HANNAH M. COUCH
ASSISTANT UNITED STATES ATTORNEY

Filed in open court this 8th day of October, AD 2024.

Deputy Clerk

6